IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**BILLY CALL**                                                                                                          **PLAINTIFF**

vs.                                              No. 5:16-CV-556

**CRETIC ENERGY SERVICES, LLC; and**                                      **DEFENDANT**
**JOSEPH A. MICHETTI, BRIAN A. WILLIAMS and**
**DANIEL E. MAGLARIS, Each individually and as**
**Officers of CRETIC ENERGY SERVICES, LLC**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Billy Call, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Cretic Energy Services, LLC; and Joseph A. Michetti, Brian A. Williams and Daniel E. Maglaris, each individually and as officers of Cretic Energy Services, LLC, (all Defendants collectively referred to as "Defendant"), and in support thereof he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee as a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation for the hours in excess of forty hours in a single week that he was made to work.

## II.     JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

4. Plaintiff Billy Call is a resident and citizen of Harrison County, Texas.

5. At all times relevant hereto Plaintiff was classified as exempt from overtime wages and paid a salary with a series of non-discretionary bonuses.

6. Plaintiff's dates of employment are as follows: from August of 2014 until April of 2015. Plaintiff's job title was always called "Pump Operator."

7. Defendant Cretic Energy Services, LLC ("Cretic"), is a for-profit, foreign limited liability company created and existing under and by virtue of the laws of Delaware, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

8. Cretic's annual gross revenues exceeded $500,000.00 for each of the four years preceding the filing of the Original Complaint.

9. Cretic can be served through its registered agent for service of process: National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

10. Defendant Joseph A. Michetti is an officer and member of Cretic.

11. Defendant Michetti is a President and CEO of Cretic, and at all times relevant hereto, had operational control over Cretic Energy Services, LLC.

12. At all times relevant hereto, Defendant Michetti devised, implemented, or executed at least some policies or practices that related to Plaintiff's terms and conditions of work.

13. Defendant Brian A. Williams is an officer and member of Cretic Energy.

14. Defendant Williams is a CFO of Cretic, and at all times relevant hereto, had operational control over Cretic.

15. At all times relevant hereto, Defendant Williams devised, implemented, or executed at least some policies or practices that related to Plaintiff's terms and conditions of work.

16. Defendant Daniel E. Maglaris is an officer and member of Cretic.

17. Defendant Maglaris is a Senior Vice President of Operations of Cretic, and at all times relevant hereto, had operational control over Cretic.

18. At all times relevant hereto, Defendant Maglaris devised, implemented, or executed at least some policies or practices that related to Plaintiff's terms and conditions of work.

19. Defendant has two or more employees engaged in interstate commerce or handling or otherwise working on goods or materials that have been moved in or produced for interstate commerce by others, including but not limited to hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools.

## IV.     FACTUAL ALLEGATIONS

20.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

21.    Plaintiff was an employee of Defendant within the last three years. Plaintiff was classified as a salaried employee.

22.    Plaintiff regularly worked more than forty hours per week, up to as many as 100 hours per week.

23.    Plaintiff benefitted from participation in a plan by which he was eligible for and did in fact often receive non-discretionary bonuses.

24.    Plaintiff did not receive overtime premiums for hours worked in excess of forty in a workweek.

25.    Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

26.    Defendant knew or should have known that Plaintiff, as a manual laborer, was entitled to overtime at all relevant times.

## V.     LEGAL ALLEGATIONS

**(Individual Claim for Violation of FLSA)**

27.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

28.    Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

29.    Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

30. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

31. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including a reasonable attorney's fee provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

32. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Billy Call respectfully prays for declaratory relief and damages as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **PLAINTIFF BILLY CALL**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone:  (501) 221-0088
        Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
        Josh Sanford
        Texas Bar No. 24077858
        josh@sanfordlawfirm.com